UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RODERICK J. CLEARE,**

    **Plaintiff,**

                              Civil Action 2:15-cv-2295
    v.                          Judge Gregory L. Frost
                              Magistrate Judge Elizabeth P. Deavers

**CAPTAIN BROWN,** *et al.,*

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

The Court granted Plaintiff's Motion to Proceed *in forma pauperis* on June 18, 2015. (ECF No. 4.) At that time, the Court ordered Plaintiff to amend his Complaint to clarify which individuals he seeks to name as Defendants. On July 8, 2015, Plaintiff filed his Amended Complaint in compliance with the Court's Order. (ECF No. 5.) This matter is currently before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims related to his request for a criminal investigation and charges against Defendants. It is **RECOMMENDED** that Plaintiff be permitted to proceed on his remaining claims at this juncture.

## I.

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     *    *    *
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, §§ 1915(e) and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

---

[1] Formerly 28 U.S.C. § 1915(d).

*See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

**II.**

To the extent that Plaintiff seeks to bring a criminal investigation and criminal charges against Defendants, those claims cannot be addressed in this civil action.  *See Hamilton v. Reed*,

3

29 F. App'x 202, 204 (6th Cir. 2002) (finding that a private citizen "has no authority to initiate a federal criminal prosecution of [] defendants for their alleged unlawful acts."). Further, as this Court has explained:

> As a general rule, a private right of action cannot be maintained under a criminal statute. *American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc.,* 481 F.2d 90, 93 (6th Cir. 1973). *See also United States v. Oguaju*, 76 F[]. Appx. 579, 581 (6th Cir. July 9, 2003) (there is no private right of action under either 18 U.S.C. §§ 241, 242) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)); *Howard v. Ohio Supreme Court*, 2008 WL 148890, *9 (S.D. Ohio Jan[.] 14, 2008) (18 U.S.C. § 245 is a criminal statute that does not give rise to a civil cause of action). It is the United States Attorney – not a private citizen – who is authorized to 'prosecute . . . all offenses against the United States' within each district. 28 U.S.C. § 547(1).

*Davenport v. Cooper*, 2014 WL 4162563, *2 (S.D. Ohio Aug. 20, 2014); *Davenport v. Cooper*, 2014 WL 5323163, *2 (S.D. Ohio Oct. 17, 2014). Accordingly, it is **RECOMMENDED** that Plaintiff's claims requesting prosecutorial action against Defendants be dismissed. *See Hamilton*, 29 F. App'x at 204 (concluding that the district court properly dismissed plaintiff's complaint under Section 1915(e) and 1915A where the district court found that a private cause of action may not be brought for alleged violations of federal criminal statutes).

Plaintiff, however, is permitted to proceed with his remaining claims at this juncture. The United States Marshal is **DIRECTED** to serve by certified mail upon Defendants a summons, a copy of the Complaint, and a copy of this Order. Defendants are **ORDERED** to answer or otherwise respond to the Complaint within **FORTY-FIVE (45) DAYS** after being served with a copy of the Complaint and summons.

### III.

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and

4

Recommendation, and the part in question, as well as the basis for objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: July 13, 2015                               /s/ *Elizabeth A. Preston Deavers*
                                                                                       Elizabeth A. Preston Deavers
                                                                                       United States Magistrate Judge