UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODERIK CLEARE,

        Plaintiff                             Civil Action 2:15-cv-2295

     v.                                     Judge Gregory L. Frost
                                              Magistrate Judge Elizabeth P. Deavers

CHAROLETTE JENKINS, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This matter is now before the Court for consideration of Defendants' Motion to Set Aside Default (ECF No. 17) and Plaintiff's Response in Opposition (ECF No. 18). For the reasons explained below, the Undersigned **RECOMMENDS** that Defendants Motion to Set Aside Default be **GRANTED**. (ECF No. 17.)

### I.  BACKGROUND

Plaintiff, an inmate under the control of the state of Ohio at the Chillicothe Correctional Institution proceeding without the assistance of counsel, filed this suit on May 29, 2015 advancing certain civil rights claims under 42 U.S.C. § 1983. (ECF No. 1.) In response to this Court's June 18, 2015 Order, Plaintiff filed his Amended Complaint on July 8, 2015. (ECF Nos. 4 & 5.) The record reflects that Defendants Captain Brown, Lieutenant Brown, Higginbothem, Free, and Irvin (collectively, "Defendants") were served with process on July 20, 2015. (ECF No. 8.) Defendants' were due to answer Plaintiff's Complaint by September 3, 2015. Plaintiff filed his Application for Entry of Default on October 13, 2015. (ECF No. 13.) The Clerk of this Court entered default against Defendants on October 14, 2015. (ECF No. 15.) Defendants filed

their Motion to Set Aside Default and Motion for Extension of Time on October 15, 2015 and their proposed Motion to Dismiss for Failure to State a Claim on October 26, 2015.  (ECF No. 17.)

In his Complaint, Plaintiff alleges that on February 21, 2015 following an allegation that he broke prison rules, he was "physically abused" in a captain's office by an unnamed lieutenant while in the presence of an unidentified captain and three other officers.  (ECF No. 1 at 5.) Plaintiff also claims that he "was then dragged to segregation like I was cattle for no reason whatsoever" by unidentified personnel.  (*Id*.)  Plaintiff asserts that on March 3, 2015 the prison dropped the misconduct allegation against him and he was immediately released from segregation.  (*Id*.)  On the same day, Plaintiff filed a complaint regarding the alleged excessive force incident.  (*Id*.)  According to Plaintiff, he was placed back into segregation that same day. (*Id*.)  Plaintiff claims that, in addition to the alleged excessive force incident, Defendants are also responsible for placing him in segregation as punishment for his informal administrative complaint.  (*Id*. at 5-6.)

In response to this Court's June 18, 2015 Order, Plaintiff amended his Complaint on July 8, 2015 in order to clarify whom Plaintiff intended to name as defendants in this matter.  In his Amended Complaint, Defendant lists Defendants Captain Brown, Lieutenant Brown, Free and Irvin as Defendants by name with no allegations of their individual roles in any of the alleged incidents.  (ECF No. 5 at 1.)  Plaintiff named Defendant Higginbothem as an additional defendant and accused him of "needless use of force on Plaintiff" without further elaboration. (*Id*. at 2.)

2

## II.  STANDARD OF REVIEW

"The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  In determining whether good cause exists, the Court must consider the following: (1) whether the opposing party will be prejudiced if the default is set aside; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct on the part of the defaulting party led to the default.  *Dassault Sys., SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).  Although these factors also apply to a motion to set aside a default judgment pursuant to Rule 60(b), the standard for applying those factors is less demanding under Rule 55(c).  *Dassault Sys., SA*, 663 F.3d at 839.  Further, there is a "general preference" for judgments on the merits as opposed to default judgments.  *Id*. at 841.

## II.  ANALYSIS

### A.  Prejudice

In order for a party to show prejudice from the setting aside of a default, a showing of delay in tendering a response is insufficient.  *United Coin Meter Co.*, 705 F.2d at 845 ("[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment").  An argument that delay will result in increased litigation cost if the case is allowed to proceed to resolution on the merits does not amount to prejudice that would support an entry of default.  *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 325 (6th Cir. 2010).  Rather, to be deemed prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996) (citation omitted).

Plaintiff does not claim that setting aside the default would result in loss of evidence, create discovery difficulties, or increase the chances for fraud. Rather, Plaintiff claims that setting aside the Clerk's entry of default will prejudice his interest in having his claims heard by the Court. (ECF No. 18 at 2.) Plaintiff's concerns, however, are misplaced. The Courts share Plaintiff's preference for deciding his case on its merits. *Dassault Sys., SA*, 663 F.3d at 841. By setting aside the Clerk's entry of default, moreover, the Court may determine Plaintiff's claims on their merits, rather than by default operation of the procedural rules. The first factor, therefore, weighs in Defendants' favor.

**B.  Meritorious Defense**

The second factor considers whether or not Defendants have a meritorious defense. To establish a meritorious defense, the defaulting defendants must simply state a defense that is "good at law." *United Coin Meter Co.*, 705 F.2d at 845. The likelihood of success is not a determining factor in deciding that a defense is meritorious. *Id*. Rather, "the criterion is merely whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Dassault Sys., SA* 663 F.3d at 843 (citations and internal quotations omitted). "Thus, even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Id*. Defendants, in their proposed Motion to Dismiss, offer several grounds upon which to find, pursuant to Federal Rule of Civil Procedure 12(b)(6), that Plaintiff has failed to state a claim upon which relief may be granted. Defendants argue that Plaintiff's Complaint, taken as true, fails to establish Defendants' personal liability for any alleged constitutional wrongdoing, as required by §1983. (ECF No. 19 at 4-6, 9-11.) Defendants' proposed defense is "good at law" because, if successful, it would allow

4

Defendants to prevail upon consideration of their Motion to Dismiss. The second factor, therefore, weighs in favor of Defendants.

**C.  Culpable Conduct of the Defendants**

Finally, with respect to the culpable conduct of the defaulting party, if the other two factors generally favor setting aside the default, the Court may accept any "credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claim Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 195 (6th Cir. 1986). In other words, "a court considers . . . defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief." *Waifersong, Ltd. v. Classic Music Vendors*, 976 F.2d 290, 292 (6th Cir. 1992). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claim Serv., Inc.*, 796 F.2d at 194. In determining if the conduct is culpable, the Court may consider the length of delay beyond the deadlines, and also whether the conduct has established a "pattern of disregard for court orders or rules." *Id*. Carelessness, without some expressed intent to impede proceedings, is not sufficient to constitute culpable conduct. *Id*.

In their Motion to Set Aside Default, Defendants explain the process by which state employees apply for and receive legal representation from the Office of the Ohio Attorney General. According to Defendants, a state employee first obtains a Request for Representation form, which he completes and submits to his employer. (ECF No. 17 at 2-3.) The employer then determines whether the employee qualifies for representation. (*Id*. at 3.) The employer forwards its Report Regarding Representation Request, along with the employee's Request for Representation, to the Ohio Department of Rehabilitation and Correction Legal Services

Division.  (*Id*.)  It is at this point that the forms are also forwarded to the Office of the Ohio Attorney General, which then makes its own determination of whether the employee is entitled to representation.  (*Id*.)  According to Defendants, their forms were emailed to an address at "attorneygeneral.gov" rather than "ohioattorneygeneral.gov," which resulted in neither the Office of the Attorney General nor Defendants having reason to know anything was amiss.  (*Id*.)  The Attorney General's Office, therefore, was completely unaware that Defendants had requested representation, while Defendants simultaneously thought the Attorney General's Office was handling their entire defense.

Defendants further claim they did not learn about their default until October 15, 2015 because Plaintiff's motions were not served on Defendants personally.  (ECF No. 17 at 3.)  Indeed, a review of the docket shows that Plaintiff's Application for Entry of Default and Motions for Default Judgment were served upon the Ohio Attorney General, not upon Defendants personally.  (ECF Nos. 11 at 3, 13 at 3 & 14 at 4.)  Because Defendants were at that time unrepresented, service was not only improper but failed to give Defendants actual notice of their default.  In light of these circumstances, and the fact that Defendants filed their Motion immediately upon discovering the Clerk's entry of default, the Undersigned cannot characterize Defendants' conduct with respect to their default as culpable.  Accordingly, the third factor weighs in Defendants' favor.

### III.  CONCLUSION

For the reasons explained above, the Undersigned **RECOMMENDS** that Defendants' Motion to Set Aside Default be **GRANTED**.  (ECF No. 17.)

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 8, 2015                                  /s/ *Elizabeth A. Preston Deavers*
                                                             ELIZABETH A. PRESTON DEAVERS
                                                             UNITED STATES MAGISTRATE JUDGE