UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RODERIK CLEARE,**

    **Plaintiff,**

                      Case No. 2:15-cv-2295
  **v.**                       JUDGE GREGORY L. FROST
                       Magistrate Judge Elizabeth P. Deavers

**CHAROLETTE JENKINS, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation ("R&R") dated December 8, 2015 (ECF No. 22), and Plaintiff's objections thereto (ECF No. 27).  In the R&R, the Magistrate Judge recommended that the Court grant Defendants' pending motion to set aside the Clerk's entry of default.  (ECF No. 17.)  For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS AND ADOPTS** the R&R, and **GRANTS** Defendants' motion to set aside the default.

**I.**    **BACKGROUND**

The facts of this case are more fully set forth in the R&R.  Facts relevant to this Opinion and Order are summarized below.

Plaintiff is an inmate at the Lebanon Correctional Institution in Lebanon, Ohio.  At the time the facts underlying this lawsuit took place, Plaintiff was being housed at the Chillicothe Correctional Institution.

Plaintiff filed the operative complaint in this case on July 20, 2015 against multiple prison officials.  Plaintiff alleges that, on February 21, 2015, Defendants physically abused him

and placed him in a segregation unit.  Plaintiff further alleges that the abuse and segregation was done in retaliation for filing an informal administrative complaint.

Defendants were served with the complaint on July 20, 2015.  Defendants did not, however, file an answer to the complaint.  Plaintiff filed an application for entry of default on October 13, 2015.  The Clerk entered default on October 14, 2015.  The next day, on October 15, 2015, Defendants filed a motion to set aside the default.  Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) shortly thereafter.

The Magistrate Judge recommended that the Court grant the motion to set aside the default.  In the R&R, the Magistrate Judge set forth the factors to be considered in adjudicating a motion to set aside an entry of default.  That is:

> "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court must consider the following: (1) whether the opposing party will be prejudiced if the default is set aside; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct on the part of the defaulting party led to the default. *Dassault Sys., SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Although these factors also apply to a motion to set aside a default judgment pursuant to Rule 60(b), the standard for applying those factors is less demanding under Rule 55(c). *Dassault Sys., SA*, 663 F.3d at 839. Further, there is a "general preference" for judgments on the merits as opposed to default judgments. *Id*. at 841.

(ECF No. 22, at PAGEID # 123.)

The Magistrate Judge proceeded to analyze the three factors.  In finding that the first factor weighs in Defendants' favor, the Magistrate Judge noted that, "to be deemed prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.' " (*Id*. (quoting *Thompson v. American Home Assur. Co*., 95 F.3d 429, 433–34 (6th Cir. 1996).)  The Magistrate Judge found that Plaintiff did not claim any such concerns in this case.

Regarding the second factor, the Magistrate Judge found that Defendants offered several legal grounds in their motion to dismiss that constitute a "meritorious defense" for purposes of this analysis.  The Magistrate Judge therefore concluded that the second factor also weighs in favor of setting aside the default.

The Magistrate Judge likewise concluded that the third factor weighs in Defendants' favor.  Defendants explained the process by which state employees apply for and receive legal representation from the Office of the Ohio Attorney General.  A clerical error in the process caused Defendants to believe that they were being represented, while the Ohio Attorney General's office did not receive the forms and/or know about this lawsuit.  The Magistrate Judge found that Defendants' conduct could not be considered culpable under these facts.

Plaintiff filed an objection to the R&R.  In that filing, Plaintiff does not challenge the Magistrate Judge's findings with respect to the second and third factors.  Plaintiff argues only that he will suffer prejudice if the default is set aside because he has been transferred to a new facility, "which has hindered Plaintiff from retrieving the Chief Inspector's results regarding the initial complaint and investigation."  (ECF No. 27, at PAGEID # 135.)  Plaintiff also states that granting the motion "will lend to further the prejudices already experienced" and will "allow Defendants to erode the processes of this court's procedures."  (*Id*.)  The Court proceeds to consider these arguments.

**II.     ANALYSIS**

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Plaintiff challenges only the Magistrate Judge's conclusion with respect to the first factor in the three-factor test. This challenge fails for multiple reasons. First, Plaintiff does not provide any detail or evidence in support of his assertion that he is unable to retrieve relevant evidence from the facility in which he previously was housed. Second, Plaintiff's conclusory assertions that he will experience prejudice are insufficient to demonstrate that the first factor of the three-factor test weighs in his favor. Third, because it appears that Plaintiff was transferred after the Magistrate Judge issued the R&R, it is unclear how the transfer can be considered a proper objection to the R&R when it was never presented to the Magistrate Judge. And finally, Plaintiff does not attempt to challenge the Magistrate Judge's conclusion that the second and third factors weigh in Defendants' favor. Plaintiff therefore does not argue that his arguments regarding prejudice have any impact on the Magistrate Judge's ultimate conclusion that good cause supports Defendants' request to set aside the default.

In short, Plaintiff objection is not well taken. The Court finds no reason to modify or reject the R&R.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection (ECF No. 27), **AFFIRMS AND ADOPTS** the R&R (ECF No. 22), and **GRANTS** Defendants' motion to set aside the Clerk's entry of default (ECF No. 17). In light of these findings, the Court **DENIES AS MOOT** the pending motion for default judgment. (ECF No. 14.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

4