**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RODERICK CLEARE,**

       **Plaintiff,**

                              **Civil Action 2:15-cv-2295**

      **v.**                        **Judge Algenon L. Marbley**

                              **Magistrate Judge Elizabeth P. Deavers**

**WARDEN CHAROLETTE JENKINS,**
*et al.*,

       **Defendants.**

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court for Consideration of Defendants' Motion to Dismiss (ECF. 19) and Plaintiff's Response in Opposition (ECF No. 20).  Defendants did not file a Reply. For the reasons that follow, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**.  The Undersigned further **RECOMMENDS** that the Court *sua sponte* **GRANT** Plaintiff leave to amend his complaint consistent with this Report and Recommendation.

## I. BACKGROUND

On May 29, 2015, Plaintiff brought this civil rights action, pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986.  (ECF No. 1.)  In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights by committing acts of physical violence, fabricating false disciplinary charges against him, and placing Plaintiff into segregation as punishment for Plaintiff's filing of grievances.

According to Plaintiff, on February 21, 2015, he "was taken to [a] captain's office and was physically abused by [a] lieutenant in the present [*sic*] of a captain and three other officers

while I had handcuffs on." (ECF No. 1 at 5.)    Plaintiff states that he was "then dragged to segregation like I was cattle for no reason whatsoever." (*Id.*)  Plaintiff further states that after his release from segregation on March 3, 2015, he made "an informal complaint about the physical abuse while I was handcuffed and sent it directly to C.C.I Warden Jenkins' Office." (*Id.*)

Plaintiff relates that approximately one week later he was again put into segregation. Plaintiff states he was told that he was in segregation for his protection during the investigation into his excessive force complaint. (*Id.*)  According to Plaintiff, however, "it was very clear it was all done to punish me for using [the] complaint procedure." (*Id.*)  Plaintiff claims that he was in segregation until March 23, 2015 and "[a]t no time had I receive[d] any notice, documentation, hearing or anything in accordance with policy violating my due process rights." (*Id.* at 5-6.)

Plaintiff further alleges that he received punishment, in the form of a misconduct ticket, for receiving medical treatment during his scheduled work hours. (*Id.* at 6.)  According to Plaintiff, the punishment served only to retaliate against him for his earlier grievances. (*Id.*)  The Court also construes Plaintiff's Amended Complaint to allege conspiracy to violate his civil rights under 42 U.S.C. §§ 1985(3) and 1986. (ECF No. 5 at 2.)

Defendants filed their Motion to Dismiss on October 26, 2015. (ECF No. 19.)  On November 6, 2015, Plaintiff filed his Response in Opposition. (ECF No. 20.)

## II. STANDARD OF REVIEW

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and factual* demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom. Brandon v. Holt*, 469 U.S. 464 (1985). To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id*. (citation omitted).

Defendants move to dismiss this case, urging the Court to find Plaintiff's pleading deficient upon three grounds. First, Defendants argue that Plaintiff's Complaint does not allege that Defendants personally committed any of the acts in question. (ECF No. 19 at 2.) Second, Defendants assert that Plaintiff's Complaint fails to allege sufficient facts to establish wrongdoing. (*Id*. at 5.) According to Defendants, Plaintiff's allegations of "physical abuse" amount to a mere conclusory statement that formulaically recites the elements of his cause of action. (*Id*. at 5-6.) Last, Defendants argue that Plaintiff's claims with respect to Defendant Free fail as a matter of law because they only assert liability under the theory of *respondeat superioror*, which is not a proper basis for liability in a § 1983 action. (*Id*. at 9-10.)

4

In response, Plaintiff seeks to convert Defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).  (ECF No. 20 at 6.) Plaintiff argues that the conversion will necessarily result in a finding that a genuine issue of material fact exists.  According to Plaintiff, Defendants have access to evidence that would support his case but which is currently unavailable to him.  (*Id*. at 5-6.)  Under Plaintiff's theory, invoking Federal Rule of Civil Procedure 56(d), therefore, would require the Court to defer considering Defendant's motion, deny the motion, or allow time to take discovery before ruling. (*Id*.)

Plaintiff's Response does not address Defendants' assertion that his pleadings are deficient.  Plaintiff, instead, reasserts the Complaint's allegations but identifies Defendants by name and states what acts he believes they committed.  With respect to his First Amendment retaliation claims, Plaintiff states that Defendants Higgenbothem and Irvin made false disciplinary charges against him because Plaintiff filed a grievance against them.  (ECF No. 20 at 7.)  Plaintiff further states that Defendant Lieutenant Brown retaliated further and violated Plaintiff's Eighth Amendment rights "by bending my wrist and hands while handcuffed to the breaking point" as the other defendants watched and verbally abused him in Defendant Captain Brown's office.  (*Id*.)  Plaintiff also claims that Defendant Free ordered him segregated as retaliation for filing grievances.  (*Id*.)

## A.  PLAINTIFF'S RULE 12(d) ARGUMENT

Plaintiff contends that the Court should convert Defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).  Rule 12(d) reads in relevant part as follows:

> If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

By the plain language of the rule, then, in order to convert a motion to dismiss into a motion for summary judgment, two conditions must obtain. First, the parties must present "matters outside the pleadings." Second, the Court must decline to exclude those matters when considering the motion. In the instant case, however, neither condition applies. The parties have not presented matters outside the pleadings. Plaintiff alleges in his Response that Defendants have access to evidence favorable to him, but he has not submitted any evidence himself or any other matters outside the pleadings. (ECF No. 20 at 6.) Neither have Defendants, for their part, presented the Court with any matters outside the pleadings. As the Court has not been presented with any matters outside the pleadings, there are no matters to be excluded in considering Defendants' motion to dismiss. Rule 12(d), therefore, is inapplicable to the instant case. Accordingly, the Undersigned finds that Plaintiff's argument that Defendant's motion to dismiss should be converted to a motion for summary judgment and then stayed pending discovery is without merit.

## B.  COUNT I: EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS

The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, prohibits state officials from inflicting "cruel and unusual punishments" on prison inmates. U.S. Const. amends. VIII and XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991). State officials are prohibited from enacting punishments that "involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal citations and quotations omitted).

When analyzing excessive force claims under the Eighth Amendment, courts consider "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  This analysis contains both a subjective and an objective component.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "The subjective component focuses on the state of mind of the prison officials.  The relevant inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"  *Id.*  (quoting *Hudson*, 503 U.S. at 6).  Relevant factors to consider include "the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Combs*, 315 F.3d at 556–57 (internal quotes omitted).

The objective component of an Eighth Amendment excessive force claim requires that a plaintiff's injury or pain be "sufficiently serious."  *Williams*, 631 F.3d at 383.  This component is "contextual and responsive to 'contemporary standards of decency."  *Hudson*, 503 U.S. at 8.  Not "every malevolent touch" by a prison guard, however, gives rise to a federal cause of action.  *Id*. at 9.

Here, Plaintiff has pleaded facts that, if taken as true, fail to satisfy both the subjective and the objective prongs of an excessive force claim under the Eighth Amendment.  First, as to the subjective prong, plaintiff alleges he was "physically abused" by an unnamed "lieutenant in the presence of a captain and three other officers.  (ECF No. 1 at 5.)  In his Amended Complaint, Plaintiff alleges that Defendant Higginbothem "used needless use of force on Plaintiff maliciously and sadistically in bad faith."  (ECF No. 5 at 2.)  These allegations against

Defendant Higginbothem are mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has determined "do not suffice" to state a claim for which relief may be granted. *Iqbal*, 556 U.S. at 678. Plaintiff's pleading is insufficient to establish a culpable state of mind. *Curtin*, 631 F.3d at 383. With respect to the objective prong, Plaintiff's Complaint fails to allege a specific injury from which the Court could conclude Defendants have inflicted "sufficiently serious" harm, *Williams*, 631 F.3d at 383, that goes beyond "contemporary standards of decency." *Hudson*, 503 U.S. at 8.

In his Response to Defendants' Motion to Dismiss, however, Plaintiff provides specific facts that, if true, could state a claim upon which relief can be granted against certain Defendants for excessive force. In his response, Plaintiff states that, after he filed his initial grievance, Defendant Higgenbothem and Defendant Lieutenant Brown, while in Captain Brown's office, "applied the needless use of force upon plaintiff by bending my wrist and hands while handcuffed to the breaking point and all defendants being verbally abusive." (ECF No. 20 at 7.) Notably, Plaintiff does not indicate that Defendant Irvin committed any of these acts, but merely alleges that Defendant Irvin was present. (*Id*.) These facts, as alleged in Plaintiff's Response, sufficiently satisfy the pleading requirements for both the objective and subjective components of an Eighth Amendment excessive force claim.

Were Plaintiff to amend his Complaint to incorporate these allegations, he would then state a claim upon which relief can be granted against Defendants Higgenbothem, Lieutenant Brown, and Captain Brown. Plaintiff, however, has advanced no allegations of fact against Defendant Irvin or Defendant Free that if proved would show their personal involvement in the alleged misconduct apart from Defendant Irvin's "being verbally abusive." *Rizzo*, 423 U.S. at 371. The Court notes, however, that "[m]ere insults are generally not actionable under 42 U.S.C.

§ 1983." *Siggers v. Renner*, 37 F. App'x 138, 141 (6th Cir. 2002); *see Wingo v. Tennessee Dept. of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a § 1983 claim for relief.").

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Moreover, Plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"). In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. *Rizzo*, 423 U.S. at 371.

In his Complaint, Plaintiff alleges that Defendant Free investigated his complaint regarding excessive force. (ECF No. 1 at 5.) Plaintiff also states that Defendant Free visited him when he was in segregation. (*Id.*) Plaintiff further claims that Defendant Free retaliated against him for using the grievance procedure by having him placed in segregation. (ECF No. 1 at 6.)

Nowhere in his Complaint does Plaintiff allege facts that, if accepted as true, would indicate Defendant Free used excessive force against Plaintiff.  At most, Plaintiff has pleaded facts that suggest Defendant Free was generally aware of his complaint for use of excessive force.  Mere awareness, coupled with a supervisory position, however, is not enough to establish liability under 42 U.S.C. § 1983.  *Grinter*, 532 F.3d at 575.

Accordingly, the Undersigned finds that these allegations fail state a claim for which relief can be granted against Defendant Irvin and Defendant Free for excessive force.

## C.  COUNT II: FIRST AMENDMENT RETALIATION CLAIM

The three elements of a First Amendment retaliation claim are as follows:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Rapp v. Putman*, No. 15-1995, 2016 WL 1211850 at *3 (6th Cir. Mar. 29, 2016) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)) (internal quotes omitted). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a . . . claim." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

In the instant case, the Complaint alleges that Defendants placed Plaintiff in segregation for approximately twelve days "to punish me for using [the] complaint procedure." (ECF No. 1 at 5.)  The Complaint further alleges that Plaintiff received a misconduct ticket for refusing to work when he was actually receiving medical treatment.  (*Id*. at 6.)  Plaintiff also states in his Complaint that prison staff wrongly found against him in the matter and ignored his subsequent complaint and grievance.  (*Id*. at 6-7)  In his Response to Defendants' Motion to Dismiss,

Plaintiff alleges that Defendants Higgenbothem and Irvin "retaliated against Plaintiff by asserting false disciplinary charges." (ECF No. 20 at 7.)

### 1. Count II(a) Segregation and False Disciplinary Charges

With respect to Plaintiff's allegation that Defendants placed him in segregation and made false disciplinary charges as retaliation for Plaintiff's use of the complaint and grievance system, Plaintiff has pleaded sufficient facts to state a claim upon which relief may be granted. Plaintiff alleges that he engaged in the protected conduct of filing grievances and complaints against prison officials. (ECF No. 1 at 5.) He also alleges that, in retaliation, Defendants placed him in segregation and filed false disciplinary actions against him. These actions are "sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights." *Dunham–Bey v. Holden*, No. 98–1522, 1999 WL 1023710 at *2, 198 F.3d 244 (unpublished) (6th Cir. Nov. 5, 1999). Plaintiff further alleges that Defendants' conduct was, at least in part, motivated by his filing of grievances. (ECF No. 1 at 5.)

The Court is mindful that Plaintiff has neither a constitutional right to be free from false accusations nor a liberty interest in an appeal from a conviction of conduct report charges. *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (A "prisoner has no constitutional right to be free from false accusations of misconduct.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). Furthermore, "to the extent that [a plaintiff] has asserted a pure retaliation claim, [he] still has not stated a claim [when he has been] convicted of the misconduct charges." *Ruiz v. Bouchard*, 60 F. App'x 572, 574 (6th Cir. 2003). The "prison officials' conclusions that [the plaintiff] was guilty of the underlying misconduct charges satisfies defendants' burden of showing that they would have brought the charges against him even if [the plaintiff] had not filed his grievances and complaints." *Wilson v. Wellman*, No. 99-2377, 2000 WL 1829265 at *2 (6th

Cir. Dec. 6, 2000).  In the instant case, Plaintiff states in his Response to Defendants' Motion to Dismiss that the misconduct charges of which he complains did not end in conviction, but were "later retracted." (ECF No. 20 at 7.)  With respect to these later retracted misconduct charges, therefore, the Undersigned construes Plaintiff's pleading to allege instances of First Amendment retaliation rather than some other constitutional violation.

Defendants argue that Plaintiff has failed to plead "material facts" with respect to their motivation to place him in segregation.  (ECF No. 19 at 9.)  Defendants are correct that Plaintiff has not pleaded any facts that, if accepted as true, would directly prove that Defendants were motivated by Plaintiff's protected conduct.  The Court notes, however, that allegations of "retaliation rarely can be supported with direct evidence of intent." *Harbin-Bey*, 420 F.3d at 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *see Thaddeus-X*, 175 F.3d at 399 ("Circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals is appropriate").

In the instant case, Plaintiff has pleaded material facts that, if accepted as true, indirectly support a conclusion that Defendants were motivated by Plaintiff's protected conduct.  In a similar retaliation case, the Sixth Circuit found plaintiff's allegation of improper motive sufficient when the plaintiff was placed in segregation and faced false disciplinary charges against him after utilizing the prison grievance system. *Dunham-Bey v. Holden*, 1999 WL 1023730 at *2.  Here, Plaintiff has pleaded similar facts regarding the timing of the adverse acts that suffice to support an allegation of improper motive. *Id.*; *Thaddeus-X*, 175 F.3d at 399

In the instant case, Plaintiff alleges more material facts supporting his allegation of improper motivation than did the plaintiff in *Dunham-Bey*.  As explained above, Plaintiff has pleaded sufficient facts with respect to his Eighth Amendment excessive force contention to state

a claim upon which relief can be granted.   Here, Plaintiff's excessive force claim is also "material fact" supporting the allegation that Defendants retaliated against Plaintiff for filing his subsequent grievance.  Plaintiff's Eighth Amendment allegations speak to a plausible motive for Defendants other alleged unconstitutional acts.

Defendants argue further that, even if Plaintiff has made out a sufficient cause of action, he failed to allege their personal involvement in his placement in segregation.  (ECF No. 19 at 8.) In his Amended Complaint, however, Plaintiff specifically names Defendant Free as the defendant responsible for "Retaliation for filing complaints/grievances."  (ECF No. 5 at 2.) Furthermore, in his Response to Defendants' Motion to Dismiss, Plaintiff claims Defendants Higgenbothm and Irvin filed the alleged false disciplinary charges.  (ECF No. 20 at 7.)  The Undersigned finds, therefore, that Plaintiff has sufficiently pleaded a claim upon which relief may be granted with respect to Defendant Free.  The Undersigned also finds that, were Defendant to amend his Complaint to incorporate his allegations against Defendants Higgenbothem, Irvin, and Lieutenant Brown, as contained in his Response to the Motion to Dismiss, he would then sufficiently plead a retaliation claim against them.  The Undersigned further finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendant Captain Brown, as he has failed to mention any conduct attributable to him.

### 2. Count II(b) Misconduct Tickets for Refusing to Work

In his Complaint, Plaintiff alleges that he received false misconduct tickets for refusing to work when he was, in fact, receiving medical treatment.  (ECF No. 1 at 6.)  The only person named in Plaintiff's Complaint with respect to this allegation is a Sgt. Rheinscheld, who is not a party to this matter.  (ECF No. 1 at 6.)  To sufficiently plead a cause of action under 42 U.S.C. § 1983, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter*, 532

F.3d at 575.  Plaintiff has not met that burden here.  Furthermore, Plaintiff indicates that he was

convicted of this misconduct.  (ECF No. 1 at 6.)  As explained above, a conclusion of guilt

requires the Court to find that Plaintiff has not stated a claim for First Amendment retaliation.

*Ruiz*, 60 F. App'x at 574.  The Undersigned finds, therefore, that Plaintiff has failed to state a

claim for which relief may be granted with respect to his work refusal misconduct ticket claims.

## D.  COUNT III: CONSPIRACY UNDER 42 U.S.C. §§ 1985(3) AND 1986

42 U.S.C. § 1985(3) provides in relevant part that:

> If two or more persons in any State or Territory conspire or go in disguise on the
> highway or on the premises of another, for the purpose of depriving, either
> directly or indirectly, any person or class of persons of the equal protection of the
> laws, or of equal privileges and immunities under the laws; or for the purpose of
> preventing or hindering the constituted authorities of any State or Territory from
> giving or securing to all persons within such State or Territory the equal
> protection of the laws; . . . in any case of conspiracy set forth in this section, if one
> or more persons engaged therein do, or cause to be done, any act in furtherance of
> the object of such conspiracy, whereby another is injured in his person or
> property, or deprived of having and exercising any right or privilege of a citizen
> of the United States, the party so injured or deprived may have an action for the
> recovery of damages occasioned by such injury or deprivation, against any one or
> more of the conspirators.

During Reconstruction, Congress passed § 1985(3) in order to provide a cause of action

against participants in private conspiracies to deprive others "of rights secured by the law to all."

*Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).  "A plaintiff makes out a valid cause of action

under § 1985(3) by demonstrating: (1) a conspiracy; (2) for the purpose of depriving, either

directly or indirectly, any person or class of persons of the equal protection of the laws, or of

equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and

(4) an injury to either person or property or a deprivation of any right or privilege of a United

States citizen."  *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 222-23 (6th Cir.

1991).  In order to plead a conspiracy under § 1985(3), Plaintiff must allege facts that, if true,

would show that Defendants either acted in concert or in furtherance of a common objective to injure Plaintiff.  *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).  Conspiracy claims must be pled with some degree of specificity.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Vague and conclusory allegations unsupported by materials facts are not sufficient to state a conspiracy claim.  *Id*.  Section 1986 creates a cause of action for a knowing failure to prevent wrongful acts pursuant to a conspiracy to interfere with civil rights.  42 U.S.C. § 1986.  Any defendants with knowledge of a §1985(3) conspiracy who, through negligence, fail to prevent the discriminatory acts can be liable under § 1986.[1]

In his Amended Complaint, Plaintiff asserts that Defendant Free "acted in concert with defendants to conspire to deprive plaintiff of his civil and statutory rights."  (ECF No. 5 at 2.) Plaintiff, however, offers nothing more than this conclusory allegation that Defendants acted in concert.  Plaintiff fails to make sufficient factual allegations to establish any sort of "meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive him of his constitutional rights.  The Undersigned finds, therefore, that Plaintiff has failed to state a claim under 42 U.S.C. § 1985 upon which relief can be granted.

Because Plaintiff has failed to state a claim under § 1985, the Undersigned finds that his claims under § 1986 likewise fail.  *See Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990) ("Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986.").

_____

[1] 42 U.S.C. § 1986 provides, in relevant part:

> Every person who, having knowledge that any wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all  damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

**D. PLAINTIFF'S OPPORTUNITY TO AMEND HIS COMPLAINT**

A "motion under Rule 12(b)(6) is directed solely to the complaint itself." *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983) (quoting *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1971)). "[C]onsequently, extrinsic evidence cannot be considered in determining whether the complaint states a claim." *Roth Steel*, 705 F.2d at 155; Fed R. Civ. P. 12(b)(6). The Court, therefore, may not consider Plaintiff's Response to Defendants' motion as part of his Complaint. Courts, however, have discretion to determine whether to dismiss a complaint or to grant plaintiff the opportunity to amend. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). The Court's decision does not weigh on the merits of Plaintiff's claims against Defendants, but merely reflects that Plaintiff's Response to Defendants' Motion to Dismiss indicates he can plead with enough specificity to overcome the Rule 12(b)(6) hurdle with respect to at least some of his claims. The Undersigned finds, therefore, that it is appropriate to grant Plaintiff leave to file a Second Amended Complaint with respect to those salvageable claims.

## IV. CONCLUSION

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's motion to convert Defendant's Motion to Dismiss into a motion for summary judgment be **DENIED**. The Undersigned also **RECOMMENDS** that Defendants' Motion to Dismiss with respect to Plaintiff's Count I Excessive Force against Defendants Irvin and Free; Plaintiff's Count II(a) Retaliation against Defendant Captain Brown; Plaintiff's Count II(b) Retaliation against all Defendants; and, Plaintiff's Count III Conspiracy against all Defendants be **GRANTED**. (ECF No. 19.)

The Undersigned further **RECOMMENDS** that the Court *sua sponte* **GRANT** Plaintiff leave to file a Second Amended Complaint consistent with the foregoing within **TWENTY-ONE (21) DAYS** from the date of the Court's disposition of this Report and Recommendation with respect to Plaintiff's Count I against Defendants Higgenbothem, Lieutenant Brown, and Captain Brown and Plaintiff's Count II(a) against Defendants Higgenbothem, Irvin, and Lieutenant Brown. If no Second Amended Complaint is filed within twenty-one days, the Undersigned **RECOMMENDS** that Court deem these claims dismissed with prejudice as against those defendants.

Last, the Undersigned **RECOMMENDS** the Court allow Plaintiff to proceed with his Count II(a) Retaliation claim against Defendant Free.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: June 24, 2016                                                  _____/s/ *Elizabeth A. Preston Deavers*_____
                                                                               ELIZABETH A. PRESTON DEAVERS
                                                                               UNITED STATES MAGISTRATE JUDGE