# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RODERICK CLEARE,

    Plaintiff,

v.                                          Civil Action 2:15-cv-2295
                                             Judge Algenon L. Marbley
                                             Magistrate Judge Jolson

WARDEN CHARLOTTE
JENKINS, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 45). For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion be **GRANTED**.

## I.    BACKGROUND

This litigation has dragged on for nearly three years and remains at the pleading stage. During this action's pendency, the Court has afforded Plaintiff three opportunities to file a proper complaint (*see* Doc. 1 (original complaint filed May 29, 2015); Doc. 5 (amended complaint filed July 8, 2015); Doc. 44 (second amended complaint filed October 13, 2016), and provided guidance to Plaintiff on doing so. *See, e.g.*, Doc. 4 at 2–3 (directing Plaintiff to amend his Complaint to clarify which individuals he sought to name as Defendants); Doc. 6 at 4 (conducting an initial screen of the Amended Complaint recommending dismissal of claims requesting prosecutorial action); Doc. 9 (adopting initial screen); Doc. 32 at 16–17 (recommending that motion to dismiss amended complaint be granted on certain claims and that

the Court, *sua sponte*, grant Plaintiff a second opportunity to amend); Doc. 39 at 1 (adopting the report and recommendation). The operative complaint at this juncture is the Second Amended Complaint. (Doc. 44).

Plaintiff's Second Amended Complaint attempts to raise claims under 42 U.S.C. § 1983, arising from an incident that allegedly occurred on February 21, 2015. (*Id*. at ¶¶ 1, 1A). Plaintiff claims that, on that day, Officer Irvin handcuffed him and escorted him to the captain's office with Officer Higgenbothem's assistance. (*Id*.) Plaintiff claims that in the office he was "forcibly grabbed around his neck while staff forced [their] weight upon his back and neck while screaming obscenities and while other staff looked on in total laughter refusing to acknowledge or prevent this wrongdoing." (*Id*. at ¶ 4). Plaintiff also claims he was "slammed hard" against the wall. (*Id*.). As to who was responsible for this conduct, Plaintiff states generally that "Lt. Brown engaged in excessive force and physical and verbal abuse. Staff present and those engaged in laughter was Capt. Brown, Lt. Brown, C/O Irvin and C/O Higgenbothem." (*Id*. at ¶ 4A). Plaintiff further claims that Officer Higgenbothem and Officer Irvin "dragged" him to segregation. (*Id*. at ¶¶ 4, 4A).

According to Plaintiff's allegations, he was improperly issued a misconduct report for assault, which was "administratively dismissed without rendering any disposition or procedural hearings." (*Id*. at ¶¶ 4–5). Plaintiff filed an informal complaint regarding the alleged excessive force which he contends resulted in him being placed back into segregation. (*Id*. at ¶ 5). Thereafter, Plaintiff filed a second informal complaint, alleging that he was placed in segregation in retaliation for filing his first informal complaint. (*Id*. at ¶ 10, 10A). Plaintiff asserts that, upon release from segregation, he complained that he hadn't received his pain medication. (*Id*. at

¶ 13). In what may be an unrelated claim, Plaintiff asserts that he was improperly issued a misconduct report for refusing to work despite a 30-day "medical work lay-in" that prevented him doing so. (*Id*. at ¶¶ 14, 14A). Finally, Plaintiff claims that he spoke with Institutional Inspector Free about the alleged "corruption" and "nothing was done to resolve, correct, or remedy this matter." (*Id*. at ¶¶ 15, 15A).

Defendants Captain Brown, Lieutenant Brown, Officer Higginbothem, Institutional Inspector Free, and Officer Irvin filed a Motion to Dismiss on November 3, 2016. (Doc. 45). That Motion is now ripe for review. (Docs. 54, 57 (opposition); Doc. 56 (reply)).

## II. STANDARD OF REVIEW

In examining a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in favor of the plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

Defendants assert that Plaintiff's § 1983 Complaint is deficient because, *inter alia*, it fails

to allege specifically how each defendant was involved personally in the alleged civil rights deprivation. (Doc. 45 at 7) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (finding dismissal appropriate when plaintiff did not allege which of the named defendants were personally involved in, or responsible for, each alleged rights violation)). As this Court has explained previously (Doc. 32 at 9), Plaintiff must allege "personal involvement" by each defendant in order to state a viable claim under 42 U.S.C. § 1983. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (stating that § 1983 liability cannot be imposed under a theory of *respondeat superior*") (citation omitted); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Each defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. *Rizzo*, 423 U.S. at 371. The Court now examines the allegations as to each Defendant.

### A. Captain Brown

As Defendants explain, "Plaintiff's only allegation against Defendant Capt. Brown is that he was laughing at Plaintiff during the use of force incident." (Doc. 45, n. 3) (citing Doc. 44 at ¶¶ 3A–4A). Because laughing at a prisoner does "not amount to a constitutional violation[ ] under 42 U.S.C. § 1983," it is **RECOMMENDED** that Plaintiff's claim against Captain Brown be **DISMISSED**. *See Peyton v. Rucker*, 101 F. App'x 982, 983 (5th Cir. 2004); *see also Roden*

*v. Sowders*, 84 F. App'x 611, 613 (6th Cir. 2003) (noting that sergeant who allegedly laughed at prisoner did not violate prisoner's constitutional rights).

B. **Lieutenant Brown**

Plaintiff alleges generally that "Lt. Brown engaged in excessive force and physical and verbal abuse," but does not identify him as the unnamed individual who allegedly grabbed around his neck, forced weight upon his back and neck, or slammed him against the wall. (Doc. 44 at ¶ 4a). Defendants speculate that it could be "possible that Plaintiff is attempting to allege that Defendant Lt. Brown is the individual that grabbed him," but urges that "it should not fall to Defendants or this Court to assume allegations for Plaintiff, especially given that he was given an opportunity to amend his Complaint not once, but twice." (Doc. 45, n.2). This Court agrees. *See, e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (stating the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation") (quotations and citations omitted). "[I]n the context of a civil rights claim, ... conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (citation omitted). More specifically, a "plaintiff must plead … that a defendant is personally responsible for the unconstitutional actions which injured him." *Davie v. Wingard*, 958 F. Supp. 1244, 1255 (S.D. Ohio 1997). The Court notes that this is particularly true given that this is Plaintiff's third attempt to state a claim for relief, and the Court previously explained to Plaintiff what he must do to plead a claim properly. *See, e.g.*, Doc. 4 at 2–3 (directing Plaintiff to amend his Complaint to clarify which individuals he sought to name as Defendants).

Thus, it is **RECOMMENDED** that Plaintiff's claim against Lieutenant Brown be **DISMISSED**. *Id*. (finding the plaintiff failed to state a claim for a constitutional violation where his "allegations do not indicate the perpetrator of the alleged conduct"); *see also Rigler v. Lampert*, No. 15-cv-154-S, 2017 WL 1534220, at *8 (D. Wyo. Mar. 31, 2017) ("It is incumbent upon a plaintiff 'to identify specific actions taken by particular defendants' in order to make out a viable § 1983 claim[.]") (quoting *Tonkovich v. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

Alternatively, Defendants argue that, even if Plaintiff had specified that Lieutenant Brown grabbed him by the neck, forced weight upon his back and neck, and slammed him against the wall, Plaintiff's excessive force claim is still insufficient because it "fails to allege any type of injury." (Doc. 45 at 10). As explained previously, one factor the Court considers when analyzing excessive force claims under the Eighth Amendment is "the extent of the injury suffered by an inmate." (Doc. 32 at 7) (citing *Combs v. Wilkinson*, 315 F.3d 548, 556–57 (6th Cir. 2002)). The Supreme Court has explained that not all force rises to the level of a constitutional violation, *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), and this Court has informed Plaintiff that not "every malevolent touch by a prison guard gives rise to a federal cause of action." (Doc. 32 at 7) (citing *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). Despite this guidance, Plaintiff's Second Amended Complaint is devoid of any claim of injury. (See Doc. 44).

Although Plaintiff has a complaint relating to pain medication and refers to a "30 day medical work lay-in," he does not explain if those allegations relate to the alleged excessive force. The only reference to an alleged injury appears in Plaintiff's claim for relief, which seeks

"compensatory and punitive damages in the form of $25,000 against each defendant for the deliberate injuries sustained and inflicted upon him physically, mentally, and emotionally by the actions of these defendants." This Court recommended dismissal previously because Plaintiff's amended complaint "fail[ed] to allege a specific injury from which the Court could conclude Defendants have inflicted 'sufficiently serious' harm, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), that goes beyond 'contemporary standards of decency' *McMillian*, 503 U.S. at 8." (Doc. 32 at 8). Because Plaintiff's Second Amended Complaint suffers from the same deficiency, it is **RECOMMENDED** that Plaintiff's excessive force claim against Lieutenant Brown be **DISMISSED**.

### C. Institutional Inspector Free

Plaintiff alleges that Institutional Inspector Free received his informal complaints and interviewed him in segregation. (Doc. 44 at ¶¶ 6A–7A; 10A–11A, 15, 15A). "Prison officials are not liable under § 1983 for denying or failing to act on grievances." *Barnett v. Luttrell*, 414 Fed. App'x 784, 787 (6th Cir. 2011). Plaintiff does not allege that Inspector Free's conduct caused him an actual injury such as, for example, frustration of a legal claim. *Id.* (citing *Hadix v. Johnson,* 182 F.3d 400, 405–406 (6th Cir.1999)). Because participation in the grievance procedure is insufficient to trigger liability under § 1983, it is **RECOMMENDED** that Plaintiff's claims against Institutional Inspector Free be **DISMISSED**. *See Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999) (stating that officials uninvolved in inmate's job termination and whose only roles involved the denial of administrative grievances or the failure to act, were not be liable under § 1983).

### D. Officer Higgenbothem and Officer Irvin

Plaintiff asserts that Officer Irvin handcuffed him and escorted him to the captain's office with Officer Higgenbothem's assistance (Doc. 44 at ¶ 1A); that they, like Captain Brown, laughed at him during the use of force incident (*id.* at ¶ 2A); and they "dragged" him to segregation (*id.* at ¶¶ 4, 4A). As explained above, the alleged laughter is insufficient to constitute a § 1983 claim. *Roden*, 84 F. App'x at 613. Assuming the alleged "dragg[ing]" is sufficient to state an excessive force claim, the Court again turns to Defendants' argument that the claim is insufficient for "fail[ing] to allege any type of injury." (Doc. 45 at 10). Taking Plaintiff's allegations concerning Officer Higgenbothem and Officer Irvin as true, they are inadequate to plead that the harm inflicted was "sufficiently serious." *See Williams*, 631 F.3d at 383; *see also Catanzaro v. Mich. Dep't of Corr.*, No. 08-11173, 2009 WL 4250027, at *11 (E.D. Mich. Nov. 19, 2009) ("To sustain an Eighth Amendment/Excessive Force claim, a prisoner must ordinarily show more than a *de minimis* injury."). Thus, it is **RECOMMENDED** that Plaintiff's claims against Officer Higgenbothem and Officer Irvin be **DISMISSED**.

## IV. CONCLUSION

Plaintiff has been afforded three opportunities to bring a viable claim over the course of nearly three years. Defendants have been subject to this lawsuit for an extended period of time with insufficient allegations against them and have expended time and resources filing the Motion to Dismiss. For the reasons set forth above, is time for this matter to proceed to conclusion. Consequently, it is **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be **GRANTED** (Doc. 45), and that this case be **DISMISSED**.

Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: June 12, 2017　　　　　　　　　　　　　　　s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE